Seth L. Rosenberg (SR4563)
Paul S. Hugel (PH4749)
Clayman & Rosenberg
Attorneys for Plaintiff
305 Madison Avenue – Suite 1301
New York, New York 10165
(212) 922-1080 phone
(212) 949-8255 facsimile

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| 30TH STREET GUITARS, INC, : | |

30TH STREET GUITARS, INC,           :

                                  :

               Plaintiff,     :

                                    :   **INDEX NO. 08 Civ 5745 (SHS)**

     -against-               :

                                    :   **COMPLAINT**

JACO PASTORIUS, INC., MARY PASTORIUS,  :
JOHN PASTORIUS, FELIX PASTORIUS       :
and JULIUS PASTORIUS,                   :

                                    :

               Defendants.    :
-------------------------------------------------------------X

        Plaintiff, 30th Street Guitars, Inc, by and through its attorneys, Clayman &

Rosenberg, as for its Complaint, hereby alleges as follows:

PARTIES

        1.   Plaintiff is a corporation organized and existing under the laws of the State of

New York with its principal place of business in the City, County and State of New York.

        2.   Defendant Jaco Pastorius, Inc. is a corporation organized and existing under

the laws of the State of Florida and having its headquarters and principal place of

business in Melbourne, Florida.

        3.   Defendants Mary Pastorius, John Pastorius, Felix Pastorius and Julius

Pastorius are, upon information and belief, the heirs to the estate of Jaco Pastorius.  Upon

information and belief, each is a resident of the State of Florida.

JURISDICTION AND VENUE

4.   This is an action for declaratory judgment pursuant to Title 28, United States

Code, § 2201 and 2202, for the purposes of determining a question of actual controversy

between the parties as hereinafter more fully appears.

5.   The Court has jurisdiction over this action pursuant Title 28 United States

Code § 1332(a), there being diversity of citizenship between the parties and an amount in

controversy exceeding $75,000, exclusive of interest and costs.  The Court also has

jurisdiction *in rem*, pursuant to 28 U.S.C. § 1655 as this is an action to remove a cloud

upon the title to personal property located within this judicial district.

6.   The Court has jurisdiction to grant the requested relief pursuant to 28 U.S.C.

§§ 1655, 2201(a) and 2202.

7.   Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(a) and 28

U.S.C. § 1655.

ALLEGATIONS

8.   Plaintiff has been in the business of buying and selling used guitars since its

formation in 1999.  It has operated from a retail store located at 236 West 30th Street,

New York, New York continuously since 1999.  Since its inception Plaintiff has been

owned and operated by Matthew Brewster.

6.   During February, 2006, an individual entered Plaintiff's store with an electric

bass guitar he wished to sell ("the Bass"). He told Mr. Brewster that the Bass had once

been owed by a famous bass guitarist named Jaco Pastorius – as indicated by an

inscription on the neck of the guitar.  Pastorius was known in jazz bass guitar circles as

an innovator and virtuoso.  He had suffered from mental illness, alcoholism, drug

addiction and homelessness for much of his adult life and died in 1987 at the age of 35.

7.    Mr. Brewster examined the Bass and immediately saw that its' neck had been

severely damaged and then repaired.  Mr. Brewster discounted the owner's claim that the

Bass had once belonged to Jaco Pastorius as he was aware that Pastorius had played a

well-worn yellowish beige bass and this guitar was a red-orange sunburst color and

looked to be of more recent vintage.  The seller asked $1,000.00 for the bass.  Mr.

Brewster declined to purchase it.

9..    On March 17, 2006, the same individual returned to Plaintiff's store with the

Bass.  Mr. Brewster re-examined the Bass and determined that its' mechanical parts were

likely to be worth $400.00

10.    The seller accepted Mr. Brewster's offer and sold the Bass to Plaintiff for

$400.  Plaintiff, as is his usual practice, prepared a document for his books recording the

sale and copying the sellers photo driver's license.

11.    The Bass remained in Plaintiff's store for approximately two weeks before he

next examined it.  In late March 2006, Mr. Brewster removed a plate from the back of the

Bass to begin disassembling it and saw from an inscription that the stock of the Bass was

manufactured in the year 1962, which was consistent with it having been owned by

Pastorius.

12.    During subsequent research concerning Pastorius, Mr. Brewster discovered

that Pastorius's bass had reportedly been broken into several pieces by Pastorius a few

years before his death and had then been repaired.  Mr. Brewster identified Kevin

Kaufman as the person who had done the repair and was able to locate him.  Based on

3

Mr. Brewster's description of the Bass, Mr. Kaufman stated that it was the bass he had repaired and returned to Pastorius in or about 1986.

13.    In the course of his research, Mr. Brewster also learned that, shortly before his death, Pastorius had been homeless and living in Washington Square Park in New York City.   Mr. Brewster contacted the New York Police Department and inquired whether there was any record of the Bass having been reported stolen. He was told that there was not.

14.    The Bass is presently located in this judicial district within the possession, custody and control of Plaintiff.

15.    On or about November, 2007, Plaintiff was contacted in New York by an individual who held himself out as a representative of the heirs of Jaco Pastorius.  This individual indicated that Pastorius's heirs had a claim to the Bass and warned Plaintiff against taking any actions which would interfere with their rights in the Bass.

16.    In December 2007, Plaintiff received at its office in New York a letter from the New York office of the law firm of Shukat Arrow Hafer Weber & Herbsman, stating that they were the attorneys for Jaco Pastorious (*sic*), Inc. (hereinafter "JPI").   The letter stated that JPI was the successor in interest to all rights and property of Pastorius.  The letter further alleged that the Bass was stolen from Pastorius shortly before his death in 1987 and that "any attempts to sell or otherwise dispose of the Bass shall constitute a knowing and willful violation of [JPI's] rights."

17.    Upon information and belief, JPI is owned and controlled by the heirs of Jaco Pastorius.

4

18.    Plaintiff has received one or more offers to purchase the Bass for in excess of $75,000.

19.    Plaintiff contends that it is the rightful owner of the Bass and that it is entitled to full and complete title to the Bass, unencumbered by any claims of Defendants.

FIRST CLAIM FOR RELIEF – ORDER QUIETING TITLE

20.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 above, as if set forth in full herein.

21.   Pursuant to 28 U.S.C. § 1655, and by virtue of all the foregoing, Plaintiff is entitled to an order from this Court removing cloud upon Plaintiff's valid title to the Bass that exists by virtue of Defendants' claims, and quieting Plaintiff's title to the Bass.

SECOND CLAIM FOR RELIED – DECLARATORY JUDGMENT

22.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 21 above, as if set forth in full herein.

23.   Plaintiff is entitled to a declaratory order from this Court that it is the rightful owner of the Bass.

24.    Plaintiff is entitled to a declaratory order from this Court that the Defendants do not have any valid claims to the Bass.

THIRD CLAIM FOR RELIEF – INJUNCTIVE RELIEF

25.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 24 above, as if set forth in full herein.

26.   By virtue of the foregoing, Plaintiff is entitled to an order from this Court permanently enjoining the Defendants from threatening and/or instituting and legal or

other action against Plaintiff or any of its agents, owners, officers, directors or representatives regarding the Bass.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff as follows:

a) An order and judgment *in rem* pursuant to 28 U.S.C. §§ 1655, 2201 and 2202 that Plaintiff is the rightful owner of the Bass;

b) An order and judgment that Defendants do not have any valid claims to the Bass;

c) A permanent injunction against Defendants enjoining Defendants, and each of them, from threatening and/or instituting any legal action against Plaintiff or any of its agents, owners, officers, directors or representatives regarding the Bass;

d) A judgment awarding costs to Plaintiff pursuant to Fed. R. Civ. P. 54(d);

e) A judgment for such other and further relief in law or equity as this Court deems just and proper.

Dated: New York, New York
        June 26, 2008

                                        CLAYMAN & ROSENBERG
                                        ATTORNEYS FOR PLAINITFF


                        By:     _____
                                Seth L. Rosenberg (SR4563)
                                Paul S. Hugel  (PH4749)
                                305 Madison Avenue – Ste 1301
                                New York, New York 10165
                                (212) 922-1080 phone
                                (212) 949-8255 fax